UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

KUPOLA VOSTOKA, LLC,

    Plaintiff,

vs.

CASE NO.:

DAVID SHIMUNOV; SUNNY EATS, LLC;
and SUNNY FOOD, LLC,

    Defendants.

_____/

## COMPLAINT

Plaintiff, KUPOLA VOSTOKA, LLC ("Plaintiff"), by and through undersigned counsel, sues Defendants, DAVID SHIMUNOV ("Shimunov"); SUNNY EATS, LLC ("Sunny Eats"); and SUNNY FOOD, LLC ("Sunny Food") (collectively, "Defendants"), and alleges as follows:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for damages in excess of $100,000.00, excluding interest, costs, and attorney's fees.

2. Plaintiff is a Florida limited liability company with its principal place of business in Sunny Isles Beach, Florida, and whose members are all citizens of Florida. Plaintiff is therefore a citizen of the State of Florida.

3. Upon information and belief, Shimunov is an individual over 18 years of age domiciled in the State of New York, residing at 16712 69th Avenue, Fresh Meadows, New York 11365.

4. Upon information and belief, Sunny Eats is a Florida limited liability company with its principal place of business in Aventura, Florida, and whose members are all citizens of New York. Sunny Eats is therefore a citizen of the State of New York.

5. Upon information and belief, Sunny Food is a Florida limited liability company with its principal place of business in Sunny Isles Beach, Florida, and whose members are all citizens of New York. Sunny Food is therefore a citizen of the State of New York.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) under satisfaction of diversity jurisdiction – the parties are citizens of different states and the amount in controversy exceeds $75,000.

7. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §139l(a)(2) because the contract at issue in this case was executed in Miami-Dade County, Florida and the restaurant business at issue in this case is located in Miami-Dade County, Florida, and the events and related services giving rise to this legal action occurred within Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

8. On or about March 11, 2022, Plaintiff entered into a valid, enforceable asset purchase agreement with Shimunov wherein Plaintiff agreed to sell and Shimunov agreed to purchase all personal property, intangibles, and goodwill of a restaurant known as "Sultan Meal" (the "Contract"). The Contract is attached as **Exhibit A**.

9. The purchase price for the restaurant identified in the Contract was $400,000.00. The terms of the purchase set forth in the Contract are: (1) $40,000.00 at or around execution of the Contract, (2) $260,000.00 at the time of closing, and (3) $100,000.00 "after all licenses are transferred to [Shimunov]." *See* Ex. A. at ¶ 2(c).

10. The license(s) referred to in Paragraph 8 above being sold/transferred to Shimunov were "alcoholic beverage License Number: BEV2334887 2 cup Dual License (alcoholic license for wine, beer, and tobacco only)." *See* Ex. A. at ¶ A. It is well known in the bar and restaurant

business that the applicants/holders of liquor licenses in the State of Florida cannot have a criminal history. Defendant Shimunov was aware of this requirement.

11. During the Contract negotiations, Plaintiff reminded Shimunov of this requirement. Prior to execution of the Contract and in an effort to induce Plaintiff to enter into the Contract, Shimunov represented to Plaintiff that he did not have any criminal history and therefore would not have any issues obtaining licenses for Sultan Meal in accordance with ¶ 2(c) of the Contract.

12. In the process of transferring the license(s) to Shimunov, after execution of the Contract, Plaintiff learned from the licensing agent that Shimunov had a criminal history and would not be able to acquire certain requisite license(s) for Sultan Meal.

13. To date, upon information and belief, Shimunov has not been able to acquire certain requisite licenses for Sultan Meal.

14. As of the filing of this Complaint, Shimunov has failed and refused to pay the remaining $100,000.00 due and owing under the Contract.

15. Upon information and belief, on or about February 28, 2022, Shimunov created Sunny Eats for the purpose of operating Sultan Meal once it was purchased, and assigned his rights under the Contract to Sunny Eats.

16. Upon information and belief, on or about June 23, 2022, Sunny Food was created for the purpose of acquiring requisite licenses for the operation of Sultan Meal through the name of its manager (and Shimunov's father), Albert Shimunov.

17. Upon information and belief, Sunny Eats assigned its rights under the Contract to Sunny Food.

18. All conditions precedent to the filing of this action have been performed, have occurred, have been waived, or otherwise have been satisfied.

19.     Plaintiff has retained the undersigned law firm to represent it in this action, and is obligated to pay a reasonable fee for such representation.

### COUNT I – BREACH OF CONTRACT (AGAINST SHIMUNOV)

Plaintiff adopts, re-alleges, and incorporates by reference Paragraphs 1 through 19 above, as if fully set forth herein.

20.     Shimunov breached the Contract by failing to pay the full amount due and owing under the Contract, and currently owes a balance of at least $100,000.00, plus prejudgment interest.

21.     Plaintiff demanded that Shimunov pay the full amount due and owing under the Contract, but Shimunov has failed and refused to satisfy his obligations.

22.     As a result of Shimunov's breach, Plaintiff has suffered damages, continues to suffer and may in the future suffer damages.

23.     Plaintiff is contractually entitled to attorney's fees and costs pursuant to paragraph 28 of the Contract.

WHEREFORE, Plaintiff demands judgment in its favor and against Shimunov for damages, plus interest, costs, and attorney's fees, and such other and further relief as this Court deems just and proper.

### COUNT II – FRAUD IN THE INDUCEMENT (AGAINST SHIMUNOV)

Plaintiff adopts, re-alleges, and incorporates by reference Paragraphs 1 through 18 above, as if fully set for herein.

24.     During the Contract negotiations and prior to entering into the Contract, Shimunov presented Plaintiff with one or more false statements of material fact; namely, that he did not have a criminal history and therefore would not have any issues obtaining licenses for Sultan Meal.

25.     Shimunov knew or should have known that his representation was false.

26. Shimunov made this representation to induce Plaintiff to enter into the Contract.

27. Shimunov's representation proximately caused injury to Plaintiff when Plaintiff acted in reliance on the representation when entering into the Contract.

WHEREFORE, Plaintiff demands judgment in its favor and against Shimunov for all damages caused by Shimunov's misrepresentations, plus interest, costs incurred in prosecuting this action, and such other and further relief as this Court deems just and proper.

### COUNT III – BREACH OF CONTRACT (AGAINST SUNNY EATS)

Plaintiff adopts, re-alleges, and incorporates by reference Paragraphs 1 through 23 above, as if fully set forth herein.

28. Sunny Eats, as an assignee, breached the Contract by failing to pay the full amount due and owing under the Contract, and currently owes a balance of $100,000.00, plus prejudgment interest.

29. As a result of Sunny Eats' breach, Plaintiff has suffered damages, continues to suffer and may in the future suffer damages.

WHEREFORE, Plaintiff demands judgment in its favor and against Sunny Eats for damages, plus interest, costs, and attorney's fees, and such other and further relief as this Court deems just and proper.

### COUNT IV – BREACH OF CONTRACT (AGAINST SUNNY FOOD)

Plaintiff adopts, re-alleges, and incorporates by reference Paragraphs 1 through 23 above, as if fully set forth herein.

30. Sunny Food, as an assignee, breached the contract by failing to pay the full amount due and owing under the Contract, and currently owes a balance of $100,000.00, plus prejudgment interest.

31. As a result of Sunny Food's breach, Plaintiff has suffered damages, continues to suffer and may in the future suffer damages.

WHEREFORE, Plaintiff demands judgment in its favor and against Sunny Food for damages, plus interest, costs, and attorney's fees, and such other and further relief as this Court deems just and proper.

.

DATED October 20, 2022.

                                *s/ Loren M. Korkin*
                                DOUGLAS E. EDE
                                Florida Bar No.:  764787
                                E-mail:  dede@rumberger.com (primary)
                                                 docketingmiami@rumberger.com and
                                                 dedesecy@rumberger.com (secondary)
                                LOREN M. KORKIN
                                Florida Bar No.:  1010531
                                E-mail:   lkorkin@rumberger.com (primary)
                                                 docketingmiami@rumberger.com and
                                                 lkorkinsecy@rumberger.com (secondary)
                                **RUMBERGER, KIRK, & CALDWELL, P.A.**
                                Brickell City Tower, Suite 3000
                                80 Southwest 8th Street
                                Miami, Florida 33130-3037
                                Tel:  305.358.5577
                                Fax:  305.371.7580
                                **Counsel for Kupola Vostoka, LLC**

17124846.v2